**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　　　　No.  CR-04-1100 MV

XEVER JUAN WILLIAMS,

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Xever Juan William's Motion to Disclose Identity of the Government's Confidential "Source of Information" and Supporting Memorandum **[Doc. No. 49]**, filed October 1, 2004. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**.

### BACKGROUND

On September 14, 2004, the government provided defense counsel with a Report of Investigation drafted by Special Agent Ron Deist Jr. setting forth the details of an August 11, 2004 interview of a Source of Information ("SOI").  According to the report, the SOI met Defendant in November, 2003 at Defendant's residence in Long Beach, California.  During that meeting, the report states, Defendant and the SOI smoked marijuana together.  Also during that meeting, the report further states, the SOI asked Defendant if he knew where to get some cocaine and Defendant replied that he was only into marijuana and had been arrested for marijuana in the past.

According to the report, in May, 2004, the SOI met with co-defendant Robert Villegas, who told the SOI that he could get him/her ounces or pounds of crystal (methamphetamine) and gave the

SOI his home telephone number. The report states that Villegas told the SOI that he/she could call anytime, that they could negotiate a deal for crystal over the telephone and that either Villegas would meet the SOI to deliver the crystal or the SOI could come to California to get it.

On October 1, 2004, Defendant filed the instant motion, seeking an order directing the government to disclose the name and address of the SOI. The government filed a response in opposition on October 6, 2004.

## DISCUSSION

### I. Standard for Disclosure of Confidential Informants

There is no general constitutional right to discovery in a criminal case. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). The government, however, must make the disclosures required by the Federal Rules of Criminal Procedure and by due process. In *Brady v. Maryland*, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). Impeachment evidence as well as exculpatory evidence falls within this rule. *See Giglio v. United States*, 405 U.S. 150, 154 (1972) ("When the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within [the *Brady*] rule.") (citation omitted).

In *United States v. Agurs*, 427 U.S. 97 (1976), the Supreme Court distinguished three situations in which a *Brady* claim might arise: (1) where previously undisclosed evidence revealed that the prosecution introduced trial testimony that it knew or should have known was perjured; (2) where the government failed to comply with a defendant's request for disclosure of a specific kind of exculpatory evidence; and (3) where the government failed to volunteer exculpatory evidence either

not requested or requested only in a general way. *See Kyles v. Whitley*, 514 U.S. 419, 433 (1995).

In *United States v. Bagley*, 473 U.S. 667 (1985), the Supreme Court "disavowed any difference between exculpatory and impeachment evidence for *Brady* purposes, and it abandoned the distinction between the second and third *Agurs* circumstances, *i.e.*, the 'specific-request' and 'general-or- no-request' situations." *Kyles*, 514 U.S. at 433. The *Bagley* Court "held that regardless of request, favorable evidence is material, and constitutional error results from its suppression by the government, 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Kyles*, 514 U.S. at 433 (citing *Bagley*, 473 U.S. at 682). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682.

Thus, under *Brady* and its progeny, "a criminal defendant's right to a fair trial under the Due Process Clause requires the prosecution to disclose before trial 'evidence favorable to an accused, including evidence that could be used to impeach a government witness, where the evidence is material either to guilt or to punishment.'" *United States v. Martinez*, 78 Fed. Appx. 679, 684 (10th Cir. 2003) (citation omitted), *cert. denied*, 124 S. Ct. 1521 (2004).

The disclosure requirements of *Giglio* apply only to evidence that could be used to impeach *testifying* government witnesses. With regard to the disclosure of information regarding non-testifying confidential informants that is not exculpatory under *Brady*, the controlling precedent is *United States v. Roviaro*, 353 U.S. 53 (1957). In *Roviaro*, the Supreme Court recognized the "Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Id.* at 59. The Supreme Court

explained that "the purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement." *Id.* The Supreme Court explained:

> The scope of the privilege is limited by its underlying purpose. Thus, where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged. Likewise, once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable.
>
> A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.

*Id.* at 60-61.

In order to determine whether the government should be required to disclose the identity of an informant, the district court is to balance:

> the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Id.* at 62. The Tenth Circuit has held that "the district court must disclose the informer's identity if the individual's testimony 'might be relevant to the defendant's case and justice would best be served by disclosure.'" *United States v. Mendoza-Salgado*, 964 F.2d 993, 1000 (10th Cir. 1992) (citation omitted). The Tenth Circuit also has "consistently ruled that where the information sought 'would be merely cumulative,' or where the informer did not participate in the illegal transaction, disclosure is not required." *Id.* at 1001 (citation omitted). Similarly, "[d]isclosure of an informant is not required . . . where the informant is not a participant in or a witness to the crime charged." *United States v. Moralez*, 908 F.2d 565, 567 (10th Cir. 1990). Nor is disclosure required "when the

informant is a mere tipster." *United States v. Mendenhall*, 2001 WL 1718027, *3 (D. Kan. Nov. 15, 2001).

The defendant bears the burden of showing that an "informant's testimony is relevant or essential to the fair determination of defendant's case." *Id.* "'[M]ere speculation about the usefulness of an informant's testimony' is not sufficient to warrant disclosure." *Mendoza-Salgado*, 964 F.2d at 1001 (citation omitted).

## II.     Application to the Instant Case

Defendant argues that the SOI's testimony is relevant or essential to the fair determination of his case because that testimony would establish that Defendant is "only into marijuana" and unable to procure other types of drugs while Villegas is able and prepared to deliver "ounces or pounds" of methamphetamine. According to Defendant, the SOI's recounting of his conversations with Villegas reasonably could support the defense theory that Villegas was solely responsible for the large amount of methamphetamine found in the car occupied by Defendant and Villegas and thus that Defendant is innocent of the charges in this case. Defendant contends that the SOI's testimony regarding his/her conversation with Villegas would be admissible at trial under Rule 804(b)(3) of the Federal Rules of Evidence, which provides for the admission of statements against penal interest.

The Court disagrees with Defendant's position. First, there is no evidence that the SOI participated in the offense conduct at issue in this case. Similarly, there is no evidence that the SOI was a participant or a witness to the crime with which Defendant is charged. Rather, the SOI here appears to be no more than a "mere tipster." Under Tenth Circuit law, disclosure of the SOI's identity thus is not required.

In addition, Defendant has failed to meet his burden to show that the SOI's testimony would be relevant or essential to the fair determination of his case. It is no more than mere speculation that a jury would infer Defendant's innocence in the instant case from the content of the SOI's conversation with Defendant. Similarly, it is doubtful whether anything in Villegas's statements to the SOI reasonably would lead to the conclusion that Defendant did not know about the methamphetamine involved in the instant offense.

Moreover, Defendant has not established that the SOI's testimony regarding his conversation with Villegas would be admissible at trial. Defendant states that he would seek to have Villegas's statements to the SOI admitted under Rule 804(b)(3) as statements against interest. "A defendant seeking to admit hearsay evidence under Rule 804(b)(3) to exculpate himself must show '(1) an unavailable declarant; (2) a statement against penal interest; and (3) sufficient corroboration to indicate the trustworthiness of the statement.'" *United States v. Spring*, 80 F.3d 1450, 1460 (10th Cir.) (citation omitted), *cert. denied*, 519 U.S. 963 (1996). The text of Rule 804(b)(3) explicitly states that "'corroborating circumstances [must] *clearly* indicate the trustworthiness of the statement.'" *Id.* at 1461 (citing Rule 804(b)(3) (emphasis in original). The Court agrees that Villegas is unavailable, as he is currently awaiting sentencing, and that Villegas's statements to the SOI were against his penal interest. The Court, however, does not agree that Villegas's statements are sufficiently corroborated. Defendant asserts that the fact that Villegas pled guilty to a crime involving methamphetamine is sufficient corroboration to indicate the trustworthiness of his statement. During his plea hearing, however, Villegas admitted to conspiring *with Defendant* to deliver methamphetamine to an unknown person and destination. Further, Villegas stated that he was a minor participant in the offense. Thus, Villegas's plea does not corroborate the truthfulness of any

statement made by him to the SOI that would suggest that he would be able to deliver large amounts of methamphetamine or that it was he rather than Defendant who was responsible for the instant offense. Accordingly, the final requirement of Rule 804(b)(3) has not been met. As Defendant has failed to show that the SOI's testimony would be admissible at trial, he necessarily has failed to show that such testimony would be relevant or essential to the fair determination of his case.

## CONCLUSION

For the reasons set forth above, Defendant has failed to show that disclosure of the identity of the SOI is required or that the testimony of the SOI would be relevant or essential to the fair determination of his case.

**IT IS THEREFORE ORDERED** that Defendant Xever Juan Williams's Motion to Disclose Identity of the Government's Confidential "Source of Information" and Supporting Memorandum **[Doc. No. 49]** is hereby **DENIED**.

Dated this 22nd day of March, 2005.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
Reeve Swainston

Attorneys for Defendant:
Sigmund Bloom
D. Eric Hannum